UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

RUBEN SOTO,

                Plaintiff,                              **ORDER**
                                                            07-CV-3047 (RJD)

            -v-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; P.O. PETER GUERCI,
in His Official and Individual Capacity,

                Defendants.
-------------------------------------------------------------------x
DEARIE, Chief Judge.

       Plaintiff filed the instant complaint alleging that following an altercation with a neighbor, he was falsely arrested and maliciously prosecuted. Complaint at 3-4, ¶ 6-10. By order dated August 1, 2007, this Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed plaintiff's claims against the City of New York and the New York City Police Department and granted plaintiff leave to amend his complaint. Specifically, plaintiff was directed to include in his amended complaint any documentation which pertained to his arrest.

       Rather than filing an amended complaint, plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 60(b) ("60(b)") to vacate this Court's prior order. In addition, although unclear, it appears that plaintiff requests that this Court stay the action for eight months, or until plaintiff is released from Kirby Forensic Psychiatric Center. For the reasons discussed below, plaintiff's 60(b) motion is denied. In addition, plaintiff's request to stay the proceedings is denied without prejudice to renewal. However, plaintiff's claims for false arrest and malicious prosecution against defendant Guerci will proceed.

      **60(B)**

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [or order] for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). District Courts apply this rule strictly to "dissuade repetitive arguments on issues that have already been considered fully by the Court." Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003) (quotation omitted). Therefore, a motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257; accord PAB Aviation, Inc. v. United States, No. 98-CV-5952, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000).

The strict requirements of Rule 60(b) are applicable to *pro se* litigants. See Flaherty v. Hackeling, 221 F.R.D. 383, 386 (E.D.N.Y. 2004); see also Fetik v. New York Law School, No. 97 Civ. 7746 (DLC), 1999 WL 459805, at *3 (S.D.N.Y. June 29, 1999) (noting that a *pro se* plaintiff "is not excused from producing highly convincing evidence in support of her motion to

2

vacate a final judgment") (internal quotations omitted).

This Court's prior order dismissed the City of New York from the action finding that plaintiff did not allege, and nothing in his complaint suggested, that the police officer's alleged actions were attributable to a municipal policy or custom. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Moreover, the Court dismissed the New York City Police Department from the action finding that as an agency of the City of New York, it lacks independent legal existence and cannot be sued under § 1983. See Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them); Signorile v. City of New York, 887 F.Supp. 403, 421-22 (E.D.N.Y. 1995) (the New York City Police Department is not a proper party under § 1983).

Plaintiff's 60(b) motion fails to establish that there is a controlling matter or authority that the Court has overlooked. Accordingly, plaintiff's motion to set aside the Court's order dated August 1, 2007, is denied as to the City of New York and the New York City Police Department.

## CONCLUSION

Accordingly, it is hereby:

(1) ORDERED that plaintiff's motion to set aside the Court's order dated August 1, 2007, is hereby denied.

(2) ORDERED that plaintiff's request for a stay of the proceedings is denied without prejudice to renewal.

(3) ORDERED that plaintiff's claims for false arrest and malicious prosecution against

3

defendant Guerci will proceed.[1]

(4) ORDERED that this case is referred to Magistrate Judge Bloom for all pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       October 2³, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] Although this Court granted plaintiff *in forma pauperis* status, plaintiff has paid the filing fee, and has submitted proof of service upon defendant Guerci and the Corporation Counsel for the City of New York.